| 62    489
a64    766

THE JAMES P. HALL INCORPORATED COMPANY

*v.*

THE MAYOR, &C., OF JERSEY CITY, TIMOTHY BURKE et al.

[Submitted March 18th, 1901. Decided November 27th, 1901.
Filed December 21st, 1901.]

1. Under act March 30th, 1892 (*P. L. of 1892 p. 369* § *1*), providing that persons furnishing materials for public improvements in municipal corporations may file liens therefor, which will become absolute liens in favor of every person furnishing materials, their assigns or legal representatives, a claim for materials furnished to a contractor with a city is assignable, giving the assignee a lien therefor.

2. Under act March 30th, 1892 (*P. L. of 1892 p. 369*), providing that the notice of a claim for a lien for materials furnished to a contractor with a city shall state the residence of the claimant, and be accompanied

Hall Co. *v.* Jersey City.

by an affidavit, it is sufficient to state the place of residence in the affidavit, instead of in the body of the notice.

3. Under act March 30th, 1892 (*P. L. of 1892 p. 369* § *2*), providing that a notice of a claim for a lien for materials furnished to a contractor with a city shall state the name of the person to whom the materials were furnished, and also the terms, time given and conditions of his contract, a notice is sufficient which states that the lien is claimed on money due or to become due to a certain person according to the terms of his contract with a city for the erection of an engine-house at a certain place, which contract was dated on a certain date and filed in the comptroller's office on a certain date.

4. Under act March 30th, 1892 (*P. L. of 1892 p. 369*), providing that the notice of a claim for a lien for materials furnished to a contractor with a city for a public work shall state that the amount due is so due after deducting all just credits, a notice is sufficient which states that the amount due is a certain sum, and the amount to grow due is a certain sum.

5. A mistake in the notice and affidavit as to the amount due does not affect the validity of the claim when not made intentionally.

6. The notice and affidavit of a claim for a lien for materials furnished to a contractor with a city stated that the amount due was a certain sum, and the amount to become due was a certain sum. The whole amount had been due before the claim was filed, but a note had been taken on account, which had not been paid, which was under discount at the time the claim was made, and afterwards retired by the claimant.—*Held*, that the claim was not vitiated by such statement.

7. Under act March 30th, 1892 (*P. L. of 1892 p. 369*), providing that notice of a claim shall be filed with the chief financial officer of the city, the notice was properly filed with the city comptroller, instead of the treasurer; the comptroller being required to examine every claim against the city and determine its validity.

On final hearing on bill, answers and proofs.

*Mr. Charles E. Hendrickson, Jr.,* for the complainant.

*Mr. John W. Queen,* for Jersey City.

*Mr. James A. Gordon,* for the defendant William R. Whyte.

*Mr. Henry Ewald,* for the defendant the Union Stone Company.

*Mr. Joseph S. Parry,* for the defendant the Commonwealth Roofing Company.

Pitney, V. C.

This is a contest among creditors over a fund of $989.74 in the treasury of Jersey City, representing a balance due to the defendant Timothy Burke on a contract made by him with Jersey City for the erection of an engine-house. The claim to the fund is based upon material furnished to Burke, used in the construction of said building. The complainant and several other parties, who are defendants, claim that they acquired a lien on the fund by procedure under the act of March 30th, 1892 (*P. L. of 1892 p. 369*), entitled

"An act to secure the payment of laborers, mechanics, merchants, traders and persons employed upon or furnishing materials toward the performing of any work in public improvements in cities, towns, townships and other municipalities in this state."

The complainant's claim is first in point of time, and if its proceedings to effect its lien were in all respects regular, its claim, amounting to over two thousand dollars, is much more than enough to absorb the whole fund; hence it is well to examine it and the various criticisms made upon it.

The claim is based wholly upon mason materials furnished to Burke and proven to have gone into the building. They were furnished, not by any written or even oral contract between the complainant and Burke, but simply on the fixing of the scale of prices which would be charged for such materials, and the ordering of them, from time to time, by Burke as they were needed. Their delivery covered several weeks or months of time. A portion of them was furnished by James P. Hall when engaged in business in his own name. Then he incorporated the complainant company, and assigned his claim up to that date to the complainant company, and the rest of the material was furnished by the complainant.

The first objection is that such a claim was not assignable. The principle was invoked that personal liens of this character are not assignable. I do not think that principle applies to a case of this kind. But whether that position be sound or not, I think that the language of the first section of the act is express on that subject:

"These liens may be filed and become an absolute lien to the full and par value of all such work and materials, to the extent of the amount due or to grow due under said contract, in favor of every person or persons who shall be employed or furnish materials to the person or persons with whom the said contract with said city, town, township or other municipality is made, or the sub-contractor of said person or persons, their assigns or legal representatives."

I think the words "their assigns or legal representatives" refer to the persons furnishing the material, and not to the contractor or subcontractor to whom the material was furnished.

The next objection is that the sworn notice of claim is defective in not stating the residence of the claimant. The language is this: "You are hereby notified that the James P. Hall Incorporated Company, a corporation of the State of New Jersey." The complainant is a corporation of the State of New Jersey, and its only residence, in the strict sense of that word, is the State of New Jersey, and the language of the act is that the notice shall state "the residence of the claimant." The affidavit annexed to the notice states "that the said company has its office at the foot of Henderson street, in Jersey City, New Jersey." And granting that the word "residence" used in that connection in the statute means the place of business or locality where some of the officers of the corporation may be found, then the question arises whether or not the stating of that in the affidavit, instead of in the body of the notice, is not sufficient. I am of opinion that it is sufficient. The object of the statute was to give notice to the municipality where to find the claimant, in order to deal with him, her or it in a business way, and that object is satisfied if the notice, taken as a whole, gives information on that subject to the city. The affidavit annexed to the notice is a requisite of the statute, and hence is a part of it; and I hold that the insertion of the residence in the affidavit is sufficient.

The next point made is that the requisitions of the statute in the second section as to the contents of the notice are not followed. The language is that the notice shall state

"the name of the person by whom employed, or to whom the materials were furnished; also a statement of the *terms, time given, conditions of his contract*."

Hall Co. *v.* Jersey City.

The construction of this clause is not simple; in fact, it seems to me difficult to understand what it does mean. The persons for whose benefit the act was passed are described in the beginning of the first section in this wise:

"Any person or persons who · shall hereafter as laborer, mechanic, merchant or trader, perform any labor or furnish any material toward the performance or completion of any contract," &c.

There is nothing in any other part of the statute to indicate that the work done or the materials furnished should be done in pursuance of any contract between the claimant and the contractor with the city. All the references to a contract are to a contract between the city and the contractor for a public work; and the lien is given upon the fund in the hands of the city due to a contractor on a contract. Now, in my judgment, the words above quoted, namely,

"the name of the person by whom employed, or to whom the materials were furnished; also a statement of the terms, time given, conditions of his contract,"

refer to the contract between the contractor and the city, the object being to clearly indicate to the officers with whom the notice is to be filed under what contract the claim is made. In this case the notice states that the lien is claimed upon money

"'now due or which may hereafter become due to Timothy Burke, of Jersey City, New Jersey, according to the terms of his contract with the said mayor and aldermen of Jersey City for the erection of the new engine house, No. 14, in block 924, parts of lots 29 and 30, Lincoln street, Jersey City, which said contract is dated October 27th, 1899, and filed in the comptroller's office November 16th, 1899."

I think that fulfills the requisition of the part of the statute now in question. It gives to the city all the information that the claimant had upon the subject, and informs the officers of the city where they can find the contract and how to identify it.

Another point made is that the notice does not state that the amount due is so due "after deducting all just credits and offsets." I am of the opinion that it is not necessary to use those words in fulfilling the terms of the statute. The affidavit does state that the amount due is a certain sum, and that the amount

to grow due is a certain sum. This is sufficiently explicit, and it could not be true if the claim were subject to any just credits and offsets.

In point of fact, however, it turned out at the hearing that the claim was, for reasons just now to be stated, possibly subject to a credit for a payment that arose under these circumstances. Hall was selling goods on credit to Burke, to be used on another job, which were entered on the same ledger account as the engine-house goods. On the 3d of March, 1900, Hall loaned to Burke $250, which was charged against him on the same account. On the 28th of March, Burke paid to Hall $300. That repaid the loan of $250 and $50 more; and subsequently, on the 5th of April, Burke paid Hall $200, making $250 paid. But, then, on the 13th of April, Hall repaid Burke $250, which, by the understanding between Hall and Burke was simply a repayment of the $200, which Burke had paid Hall on the 5th of April, and the $50 surplus which he paid him on the 28th of March, making the amount of cash paid by Hall to Burke, and by Burke to Hall, precisely the same; and under those circumstances Hall thought that Burke was entitled to no credit on his books, and gave none on his account of materials furnished for the engine-house. If no other creditors were interested, the view of Hall might prevail; but other creditors, who had claims upon this fund, were interested in that question, and no arrangement between Hall and Burke could deprive them of their right to have those credits applied. If there were no other charges on the ledger account of Hall against Burke except those for the engine-house, I should be decidedly of the opinion that the $250 must be credited on the claim here sought to be enforced. But there are other items on that ledger account, and Mr. Hall's counsel claims that he had a right to apply that payment on the other items so charged. This contention may be right in law and equity, but I deem it not worth while to determine it here, because giving credit to Burke on the engine-house account for the $250 still leaves the complainant's claim sufficient to sweep the whole fund. I shall, therefore, treat the claim as so reduced.

But upon this state of affairs the other creditors take this further ground, that the amount due was untruly stated in the

notice and affidavit by reason of which the claim must entirely fail.

I cannot take that view. The later, and I think the better, rule for the construction of this statute has been adopted by Vice-Chancellor Reed in the case of *Camden Iron Works* v. *City of Camden, 15 Dick. Ch. Rep. 211,* and by Vice-Chancellor Grey in *Garrison* v. *Borio, 16 Dick. Ch. Rep. 236,* and that rule is that a mistake in stating the amount due on the claim, by which it is made larger than it afterwards turns out actually to be, is not fatal, unless made intentionally for the purpose of inflating the claim. In this case I think the claim was honestly made for the amount set out, although by reason of the money transactions between Hall and Burke it 'be subject to a deduction of $250.

Another point raised, but not pressed with much vigor, is that the claim states, on its face, that the amount due at the time of the affidavit is $1,311.32, and the amount to become due is $850 more, making in all $2,161.32. The whole amount had been due before the claim was filed, but a note for $850 had been taken on account, which matured on the 26th of June, and which was not paid. It was under discount at the time the claim was made, and was retired by the Hall company and produced at the hearing. Under the express decision of *Edwards* v. *Derrickson, 4 Dutch. 54,* the objection fails.

The final objection is that the notice was not filed with the proper officer. Duplicate notices, with duplicate affidavits, were filed, first, with the comptroller of the city, and second, with the clerk of the board of fire commissioners of Jersey City. That board of fire commissioners has an office or headquarters, and a clerk there in attendance. No member of the board attends at this office regularly. The notice was received by the clerk, filed and duly presented to the board at its next meeting. The weight of the argument on this point was directed against the service of the other notice upon the comptroller of the city, the insistment being that it should have been upon the treasurer. The language of the act is "with the financial officer of said city." The only duties of the treasurer are to take care of the money of the city. He has no control whatever of its disbursements—that is to say, he has no voice in the determination of the person or persons to

whom, or the account upon which, the money is to be paid. That is a matter which falls peculiarly within the scope of the duties of the comptroller. His duty is to examine every claim against the city, determine its validity, and, upon such determination being approved by the other authorities of the city, to give his sanction to a draft for the amount. He is clearly, par excellence, the financial officer of the city. Besides, it appears in this case that the city, in pursuance of the third section of the act, provided a book called the "Lien-book," and that that was kept by the comptroller, and that, in obedience to the directions of that section, he there entered all claims of this character, and that no such book was kept by the treasurer.

This disposes of all the objections made against the complainant's claim, and it must prevail.

The city, I think, is entitled to deduct from the fund in its hands the taxed costs, if any, incurred by it in the suit, and the complainant is entitled to a decree for costs against those defendants who have contested its claim.

As the complainant's claim will absorb the whole fund, it is not worth while to consider the other claims presented.