[No. 16727.   Department Two.   January 19, 1922.]

WESTERN WALL BOARD·COMPANY, *Respondent,* v. THE
CITY OF SEATTLE, *Appellant.*[1]

MUNICIPAL CORPORATIONS (566)—CLAIMS—STATUTORY RESIDENCE OF
CLAIMANT—CORPORATIONS.  Rem. Code, § 7995, requiring a claimant
for damages against a city to include in the claim "a statement of
the actual residence of such claimant for six months immediately
prior to the time such claim for damages accrued" is inapplicable
to corporations, inasmuch as they have no actual residence within
the term as used in the statute.

TRIAL (101)—INSTRUCTIONS ALREADY GIVEN.  The refusal of re-
quested instructions is not error where their subject-matter is cov-
ered by the instructions given.

Appeal from a judgment of the superior court for
King county, Smith, J., entered May 17, 1921, upon the
verdict of a jury rendered in favor of the plaintiff, in
an action to recover damages to property from flood-
ing.  Affirmed.

*Walter F. Meier, Charles T. Donworth,* and *Frank M.
Preston,* for appellant.

*Bausman, Oldham, Bullitt & Eggerman,* for respond-
ent.

MAIN, J.—The purpose of this action was to recover
damage to property caused by flooding, which it is
claimed was due to the negligence of the defendant city.
The cause was tried to the court and a jury, and re-
sulted in a verdict in favor of the plaintiff in the sum
of $328.13.  Motions for judgment notwithstanding the
verdict and for new trial being made and overruled,
judgment was entered upon the verdict, from which the
defendant appeals.

The respondent is a corporation owning and operat-
ing a wall board factory, on Ninth Avenue South, in

[1]Reported in 203 Pac. 944.

Seattle, opposite the intersection of that street with a street called Snoqualmie Place. Ninth Avenue South runs in a northerly and southerly direction immediately east of respondent's plant, and Snoqualmie Place begins at Ninth Avenue opposite respondent's property and runs in a northeasterly direction. To the east is a ravine through which a natural stream flows all the year around. The ground starts to rise from Ninth Avenue South in an easterly direction until a steep hillside is reached at the head of the ravine. The stream in question has for many years been subject to floods at times of heavy rain. The appellant built a twelve by sixteen inch box draw, or flume, to carry the waters of this stream from the point on Snoqualmie Place approximately one hundred and forty feet from the easterly margin of Ninth Avenue South to a seventeen by twenty-four inch wooden culvert twenty-seven feet long built by it under Ninth Avenue South. The respondent formerly carried the water coming through this culvert across its property from its easterly margin line in an open wooden flume one hundred feet long to the westerly margin of its property, where it was discharged into a culvert. Sometime prior to the flooding, the respondent substituted for the wooden flume a twelve inch concrete pipe. The factory site across which this pipe runs is almost flat. The pipe constructed by the respondent was of the same inside dimensions as the outlet constructed by the appellant into which it emptied.

On March 13, 1920, after heavy rain, respondent's plant was flooded, causing the damage complained of. The Ninth Avenue culvert had become clogged with debris such as tin cans, broken crockery, sticks and so forth. At the trial, the respondent contended that the appellant had been guilty of negligence in not keeping its flume and culvert free from gravel and debris. The

appellant contended that the respondent was guilty of contributory negligence in the manner in which it had constructed its concrete pipe across its property. Upon the issues of negligence of the appellant and the contributory negligence of the respondent, the cause was submitted to the jury, with the result as above indicated.

The first, and it seems to us the primary question, is whether the claim filed by the respondent meets the requirements of the statute. This claim, among other things, recited that:

"The claimant is a corporation duly organized under the laws of the state of Washington, having paid all license fees and taxes, as required by law, and is engaged at 4527 Ninth Avenue South, Seattle, Washington, in the manufacture and sale of Perfection wall board, Pioneer plaster board, and Pioneer hollow blocks and partition blocks; and is the owner of Lots 1, 2, 3, 4, 5 and 6, Block 10; Lots 7 and 8, Block 7, all in Ladd's First Addition to South Seattle, Washington."

It will be noticed that it is recited that the claimant is engaged at 4527 Ninth Avenue South in the manufacture and sale of Perfection wall board, and so forth. The claim does not recite any residence of the corporation for a period of six months immediately prior to the time the claim for damages accrued. The statute, Rem. Code (1915), § 7995 (P. C. § 703), among other things, provides that a claim for damages sounding in tort against any city of the first class shall contain "a statement of the actual residence of such claimant for six months immediately prior to the time such claim for damages accrued." It thus appears that, if, under the statute, it is necessary in the claim to recite an actual residence of the corporation for six months prior to the time such claim for damages accrued, the claim in question is defective. It will be admitted that the statute

covering the essentials of the claim is mandatory and that, if it is necessary to recite an actual residence for a corporation for six months immediately prior to the time the claim accrued, the present claim is fatally defective.

The question then is whether the six months' provision of the statute is applicable to the corporation claimants. The requirement is that the actual residence of the claimant be stated. A corporation has no actual residence as the term is used in the statute and it has been held that a statute requiring a claimant to state a residence is not applicable to corporations. *Hall Co. v. Jersey City,* 62 N. J. Eq. 489, 50 Atl. 603; *National Fire Proofing Co. v. Daly,* 76 N. J. Eq. 35, 74 Atl. 152. It is argued, however, that, even though a corporation has no residence in the sense that an individual has, the claim should have recited as its residence the place at which it had been engaged in business for six months prior to the time when the claim for damages accrued. To so hold would be to give the statute a strained construction and read into it something which the language used does not import. A corporation is not deemed a "resident" if the terms or spirit of the statute employing the term render it inapplicable to corporations. Fletcher Cyc. of Corporations, Vol. 1, § 55; *People v. Schoonmaker,* 63 Barb. (N. Y.) 44. The obvious purpose of the statutory requirement of six months' residence was to insure such notice as would enable the city through proper officers to investigate the individual making the claim, the cause and character of the injury, while the facts were comparatively recent, and thus protect itself against itinerant claimants and fraudulent claims. For this purpose, as applied to the individual, the six months' requirement was an aid to the city. The claim was not defective in that it failed

to recite an actual residence of the respondent for six months prior to the time the claim for damages accrued.

The second contention is that the respondent in the manner in which it constructed the drain across its property was guilty of contributory negligence as a matter of law. Upon this question the evidence was in dispute and presented a question for the jury. To hold as a matter of law that the respondent was guilty of contributory negligence would be to disregard the evidence in its behalf to the effect that the drain was properly constructed in view of the attendant conditions.

There is a further contention based upon the refusal of the trial court to give certain requested instructions. In the instructions given the issues presented upon the trial were fully covered and it was not error to refuse to give those requested. Some of the requested instructions, if given, would have been out of harmony with the views expressed in this opinion with reference to the essentials of the claim; it would have been error to have given them.

The judgment will be affirmed.

PARKER, C. J., MACKINTOSH, and HOVEY, JJ., concur.